United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20328
Conference Calendar

PAUL VASQUEZ,

                                        Plaintiff-Appellant,

versus

DR. JULYE, University of Texas Medical Branch Assigned Doctor;
FERNALD, Warden; JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-2567
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Paul Vasquez, Texas prisoner # 1007091, filed a 42 U.S.C.

§ 1983 complaint alleging that he had been denied adequate

medical treatment for his broken foot and that the defendants

were deliberately indifferent to his serious medical needs.  The

district court determined that Vasquez had failed to exhaust

administrative remedies before filing suit and that his complaint

failed to overcome the defendants' Eleventh Amendment

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immunity and failed to specify personal involvement by each defendant. The court dismissed the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

In his appellate brief, Vasquez argues the merits of his deliberate-indifference claim. He does not address any of the district court's conclusions that he had not exhausted administrative remedies, overcome the defendants' Eleventh Amendment immunity, or specified personal involvement by each defendant. Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Because Vasquez has failed to contest the district court's reasons for dismissing his complaint, he has waived appellate review of these issues. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Vasquez's appeal therefore lacks arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Vasquez is warned that the district court's dismissal of his complaint for failure to state a claim and the dismissal of the instant appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We warn Vasquez that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or

appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; STRIKE WARNING ISSUED.